UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ATIQ WESTON,

                    Petitioner,

          -against-

MICHAEL CAPRA,

                    Respondent.
----------------------------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

18-CV-05770 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Atiq Weston ("Petitioner"), on May 1, 2014, after entering into a plea agreement, pled guilty to two counts of Robbery in the First Degree and, as a juvenile offender, one count of Manslaughter in the First Degree in the County Court of the State of New York, County of Orange. (Doc. 27 ¶ 17-18). Petitioner was sentenced to concurrent determinate terms of fifteen years' imprisonment to be followed by five years of supervised release for the robbery convictions and a concurrent indeterminate term of three and one-third to ten years' imprisonment for the manslaughter conviction. (Doc. 28-11 at 22-23).

    Petitioner commenced the current action, a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254 ("Petition"), on June 26, 2018, requesting that his guilty plea and corresponding sentences be vacated. (Doc. 2). Judge Román referred the Petition on July 10, 2018 to Magistrate Judge Judith C. McCarthy. (Doc. 8). This matter was pending before Judge Román prior to its reassignment to this Court on April 13, 2020.

    On April 13, 2022, Judge McCarthy issued a Report and Recommendation ("Report"), recommending that the Petition be denied. (Doc. 65, "R&R"). Petitioner filed a timely objection to the Report ("Objection") pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil

Procedure 72(b)(2) on April 26, 2022. (Doc. 66, "Obj."). The Government responded to Petitioner's objection on June 9, 2022. (Doc. 69).

The Court, in reviewing a magistrate judge's report and recommendation, "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may object to a report and recommendation "[w]ithin fourteen days after being served with a copy . . . ." *Id*. "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352 (E.D.N.Y. 2009). If a party timely objects to the findings or recommendations of the magistrate judge, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Male Juvenile (95-CR-01074)*, 121 F.3d 34, 38 (2d Cir. 1997) (quoting 28 U.S.C. § 636(b)(1)). "If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded." *Clemmons v. Lee*, No. 13-CV-04969, 2022 WL 255737, at *1 (S.D.N.Y. Jan. 27, 2022) (citing *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Id.* (quoting *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012)). Where a party "makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error." *Id.* (citing *Alaimo v. Bd. Of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009)).

Petitioner advances three arguments in support of his request that the Court hold a hearing with respect to his Petition: (1) that his guilty plea was not knowing and voluntary; (2) that he was

denied effective assistance of counsel; and (3) prosecutorial misconduct. (Doc. 2). Petitioner, in his Objection, raises no new arguments, but "simply reiterates the original arguments made below," making only conclusory, general objections to the Report. *Clemmons*, 2022 WL 255737, at *1. Accordingly, the Report is reviewed for clear error. *See id.*

I. The Validity of the Guilty Plea

The Report correctly concludes that, despite exhaustion in state court, Petitioner's claim that his guilty plea was not knowing and voluntary is procedurally barred because Petitioner failed to preserve such claim by making appropriate motions in the Orange County Court. (R&R at 26).

Where, as here, the state court made "an adequate and independent finding of procedural default," habeas review is barred "unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris v. Reed*, 489 U.S. 255, 262 (1989) (internal citation omitted). "A fundamental miscarriage of justice only occurs when 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Swanton v. Graham*, 07-CV-04113, 2009 WL 1406969, at *7 (E.D.N.Y. May 19, 2009) (Bianco, J.) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Petitioner argues in his Objection that this claim is not procedurally barred because "trial counsel . . . raised valid objections to *the court orders*." (Obj. at 1 (emphasis added)). However, it was not the court orders to which Petitioner needed to object in order to preserve this argument.[1] Rather, Petitioner had to object to the guilty plea, through "a motion to withdraw the plea before

---

[1] Before trial, the Orange County Court imposed protective orders, temporarily barring the Petitioner from accessing certain evidence; imposed lockdown orders, separating Petitioner from other inmates at the Orange County Jail; and restricted Petitioner's visitation and communication rights. (Doc. 27 ¶¶ 11-12). The lockdown orders were implemented because there was credible evidence Petitioner had attempted to organize the killing of a prosecution witness in connection to his robbery charges. (*Id.* ¶ 12).

sentencing, a post-judgment New York Criminal Procedure Law ('C.P.L.') § 440.10 motion in the trial court, or on direct appeal if the record permits." *McCormick v. Hunt*, 461 F. Supp. 2d 104, 109 (W.D.N.Y. 2006) (citing *People v. Lopez*, 525 N.E.2d 5, 6 (N.Y. 1988)). Petitioner made no such motion. Because Petitioner failed to make the appropriate motions in the trial court, he has not demonstrated cause for failing to raise this claim at the appropriate time,[2] and because this claim is not one of "actual innocence," it is procedurally barred.

Alternatively, in addition to the procedural bar, Petitioner's argument that his guilty plea was not knowing and voluntary fails on the merits. Both Judge McCarthy and the Appellate Division found that this claim was "belied by the record." (R&R at 31; *People v. Weston*, 43 N.Y.S.3d 413, 414 (App. Div. 2016)).

The Court finds no clear error in Judge McCarthy's thorough and well-reasoned analysis as to Petitioner's guilty plea and, accordingly, adopts it in full.

II. Ineffective Assistance of Counsel

There is likewise no clear error in Judge McCarthy's finding that, although Petitioner successfully exhausted his ineffective assistance of counsel claims, all but one are procedurally barred. (R&R at 35). "[I]t is a well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts." *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977). The Appellate Division found that, because Petitioner waived his right to appeal as part of his plea deal, review of Petitioner's ineffective assistance of counsel claims was precluded except to the extent it "may have affected the voluntariness of the pleas." *Weston*, 43 N.Y.S.3d at 415. Therefore, the claims unrelated to Petitioner's guilty plea were

---

[2] Petitioner further contends that the cause of this procedural default was "the result of ineffective assistance of counsel." (Obj. at 2) (quoting *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994)). As more fully discussed *infra*, the Report correctly concluded that Petitioner's counsel was not ineffective, but "advocated doggedly and strategically for Petitioner's interests." (R&R at 39).

rejected on "an adequate foundation of state substantive law," and are barred from federal habeas review. *Wainwright*, 433 U.S. at 81. Petitioner has failed to show cause, prejudice, or a fundamental miscarriage of justice to permit this Court to hear these claims. (R&R at 36). Regardless, any impact of Petitioner's counsel on the voluntariness of his plea is "belied by [Petitioner's] statements during the plea proceeding." *Weston*, 43 N.Y.S.3d at 415.

The only claim that relates to Petitioner's decision to plead guilty and is not procedurally barred is Petitioner's claim that his counsel improperly advised him to waive the statute of limitations defense with regard to his manslaughter conviction as part of his plea deal. (*See* R&R at 34-35, 36-37 n.26). However, there is no error in Judge McCarthy's finding that the Appellate Division's decision with regard to this claim was not "contrary to, or an unreasonable application of, clearly established federal law." (*Id.* at 37; 28 U.S.C. §2254(d)).

To establish an ineffective assistance of counsel claim, Petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). For the first element, "counsel is strongly presumed to have rendered adequate assistance . . . ." *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 690). The waiver of the statute of limitations by Petitioner was part of a plea deal that secured him a more favorable sentence and helped him avoid conviction for additional crimes. (R&R at 40). As Petitioner himself points out, he faced "a possible prison sentence of up to nearly 75 years" if he did not plead guilty. (Obj. at 6). His counsel, through the plea agreement, was able to secure a sentence of fifteen years. (R&R at 10). Coupled with Petitioner's "marginal likelihood of success at trial with

respect to the two robberies," Petitioner's counsel acted reasonably in advising Petitioner to waive this defense. (*Id.* at 40-41).

"The second prong focuses on prejudice to the defendant." *Swanton*, 2009 WL 1406969, at *10. As Judge McCarthy noted, "it can hardly be said that [Petitioner] would not have pled guilty but for the alleged error." (R&R at 41-42 (alteration in original) (quoting *Swanton*, 2009 WL 1406969, at *10)). Petitioner is unable to show how a different approach by his counsel would have changed the outcome in his favor. (*Id.* at 43). Furthermore, Petitioner was in no way prejudiced by waiving the statute of limitations defense. Waiving this defense helped Petitioner receive a more favorable sentence and, regardless, Petitioner's manslaughter sentence runs concurrently with his other sentences. *See Feliz v. United States*, Nos. 01-CV-05544, 00-CR-00053, 2002 WL 1964347, at *7 (S.D.N.Y. Aug. 22, 2002) ("No prejudice exists when a plea agreement lessens the severity of the sentence the defendant would face if convicted at trial.").

The Court, accordingly, finds no error in Judge McCarthy's Report as to Petitioner's ineffective assistance of counsel claims and adopts her analysis in full.

### III. Prosecutorial Misconduct Claim

Finally, there is no error in Judge McCarthy's finding that, although deemed exhausted, Petitioner's prosecutorial misconduct claim relating to "Molina Discovery" is procedurally barred because Petitioner's argument was not made in state court.[3] Because Petitioner did not cite this evidence in support of his prosecutorial misconduct claim in state court, he cannot rely on it in this Petition. *Bossett*, 41 F.3d at 828-29. Petitioner contends that he did not use this evidence in state court because it was not available to him until after his sentencing. (Obj. at 18). But the Molina

---

[3] "Molina Discovery" includes a cooperation agreement, plea minutes, and recordings of the jail phone calls of a cooperating witness—here Deanna Molina ("Molina"). (Doc. 27 ¶ 10). It also includes the witness's grand jury testimony and a January 31, 2015 affidavit filed by Molina asserting that her previous grand jury testimony was "coached." (R&R at 4, 14).

Discovery was available to Petitioner when he filed N.Y. Crim. Proc. Law § 440.10 Motions in 2015 and 2017. (R&R at 45). Petitioner failed to cite this evidence in either of his § 440.10 motions. (*Id.*). Therefore, Petitioner is barred from relying on the Molina Discovery in this Petition. *Bossett*, 41 F.3d at 828. As with his other claims, Petitioner cannot show cause and prejudice or a fundamental miscarriage of justice to overcome the procedural bar. (R&R at 46).

Moreover, Petitioner's claim concerning prosecutorial misconduct and the Molina Discovery relates only to the grand jury proceedings in his case and not the validity of his guilty plea. (R&R at 46). "[A]lleged defects in a state grand jury proceeding generally cannot provide grounds for habeas relief." S*wanton*, 2009 WL 1406969, at *11. And "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). As discussed *supra*, Petitioner entered a guilty plea knowingly and voluntarily. Consequently, Petitioner is also barred from obtaining habeas relief based on alleged prosecutorial misconduct. *Tollett*, 411 U.S. at 268.

There is also no clear error in the Report's finding that, in the alternative, Petitioner's prosecutorial misconduct claim fails on the merits. Petitioner claims that Molina's "entire grand jury testimony was false and coached by the district attorney" based on a January 31, 2015 affidavit that Molina submitted. (Obj. at 19). "To establish prosecutorial misconduct premised upon the presentation of perjury, [petitioner] must first establish that perjury was committed . . . . [and] must also establish that the prosecution knew, or should have known, of the perjury." *Gantt v. Martuscello*, No. 12-CV-00657, 2014 WL 112359, at *14 (N.D.N.Y. Jan. 10, 2014) (first alteration in original; citation omitted; internal quotation marks omitted). Molina does not admit in her

affidavit to providing false grand jury testimony and, even if she did, Petitioner cannot demonstrate how it is material to his guilty plea. (*See* Doc. 28-6 at 44-48; *see also* R&R at 48). Moreover, recantations such as that alleged here are generally "looked upon with the utmost suspicion." *Sanders v. Sullivan*, 863 F.2d 218, 225 (2d Cir. 1988) (quoting *United States ex rel Sostre v. Festa*, 513 F.2d 1313, 1318 (2d Cir. 1975)).

The Court, accordingly, finds no error in Judge McCarthy's Report as to Petitioner's prosecutorial misconduct claim and adopts her analysis in full.

Petitioner's Objection to the Report is overruled, and the Court adopts the Report in full. The Petition is, accordingly, DENIED. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and close this case.

                                         **SO ORDERED:**

Dated: White Plains, New York
          July 25, 2022

                                       PHILIP M. HALPERN
                                       United States District Judge